UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Allen Anthony Hammett**, #165566,         ) | C/A No. 4:06-2485-HFF-TER |
| ) | |
| Plaintiff,         ) | |
| ) | |
| vs.         ) | Report and Recommendation |
| ) | |
| Phillip Sears, in his individual capacity,         ) | |
| ) | |
| Defendant.         ) | |
| _____ ) | |

This is a civil rights action filed *pro se* by an out-of-state prison inmate.[1] Plaintiff is currently confined in a Florida state prison, serving out a sentence due to the revocation of his parole. Plaintiff alleges that Defendant, a South Carolina state parole officer, falsely testified during the Florida revocation proceedings, and that the false testimony violated Plaintiff's due process rights under the United States Constitution. He claims that he was wrongfully re-incarcerated for a longer period of time because Defendant testified that Plaintiff did not obtain permission to move away from the state of South Carolina during that time that Defendant was supervising both Plaintiff's Florida and his South Carolina paroles. He seeks both compensatory and punitive damages from Defendant for alleged injuries arising from Defendant's testimony. Accordingly, Plaintiff's Complaint is being considered as one filed in this Court pursuant 42 U.S.C. § 1983.[2]

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).  Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claim arises completely from his allegation of false testimony given by Defendant in connection with a Florida probation/parole revocation proceedings.  Under these circumstances, even though Defendant can be considered a state actor, he is entitled to the same protections as a result of giving his testimony in a judicial proceeding as is any other so-called "lay" witness. A rule of absolute witness immunity has been adopted by the majority of Courts of Appeals.  *See* Brawer v. Horowitz, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; Bivens action); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); Charles v. Wade, 665 F.2d 661 (5th Cir. 1982)(police officer witness; § 1983 suit); Myers v. Bull,

2

599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

Additionally, since the United States Supreme Court's decision in Briscoe v. LaHue, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case against the plaintiff. *See* Franklin v. Terr, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); Hunt v. Bennett, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); McArdle v. Tronetti, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); House v. Belford, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); Miller v. Glanz, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); Alioto v. City of Shively, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same). Furthermore, depending on the function that is challenged, probation officers, like Defendant, have been specifically found entitled to either witness or quasi-judicial absolute immunity from claims such as those asserted by Plaintiff in this case. *See, e.g.*, Holmes v. Crosby, 418 F.3d 1256, 1259 (11th Cir. 2005); Mee v. Ortega, 967 F.2d 423, 429 (10th Cir. 1992); Johnson v. Kelsh, 664 F.Supp. 162 (S.D. N.Y. 1987).

Since the facts alleged by Plaintiff show that Defendant is entitled to absolute immunity

3

from the damages that Plaintiff seeks to recover pursuant to § 1983,[3] this case should be summarily dismissed without the issuance of service of process for Defendant.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Since Plaintiff seeks monetary damages in this case and since the only Defendant in this case is immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the important notice on the next page.

        Respectfully submitted,

        s/Thomas E. Rogers, III

        Thomas E. Rogers, III
        United States Magistrate Judge

October 25, 2006
Florence, South Carolina

---

[3] The result would be the same even if this Court were to consider Plaintiff's claims under this Court's diversity jurisdiction, rather than the federal question jurisdiction under which § 1983 claims are considered. Since Plaintiff is confined in Florida and could be considered a resident of that state for purposes of diversity jurisdiction and since Defendant is a South Carolina resident and since there appears to be in excess of $75,000.00 in controversy, diversity jurisdiction arguably exists. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). However, such consideration would not provide a different result because any state-law based personal injury claim based on Defendant's testimony that might be liberally construed from the *pro se* Plaintiff's Complaint would also be barred under the doctrine of absolute immunity for witnesses. See Briscoe v. LaHue, 460 U.S. at 335 ("[T]he common law provided absolute immunity from subsequent damages liability for all persons-governmental or otherwise-who were integral parts of the judicial process.").

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503
